# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS WILBERT BOYD, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7643** |
| **JUDGE SARAH S. VANCE** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Louis Wilbert Boyd, Jr, a federal pretrial detainee, filed this *pro se* <u>Bivens</u>[1] action against United States District Judge Sarah S. Vance.[2] In this lawsuit, plaintiff claims that his rights are being violated by Judge Vance in his ongoing federal criminal proceedings.

---

[1] See <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Although plaintiff filed his complaint on a form to be used by prisoners asserting claims under 42 U.S.C. § 1983, his claims against Judge Vance are properly characterized as <u>Bivens</u> claims. <u>See, e.g.</u>, <u>Wightman v. Jones</u>, 809 F. Supp. 474, 475 (N.D. Tex. 1992); <u>see also</u> <u>Wetzel-Sanders v. McBryde</u>, Civ. Action No. 4:09-CV-431, 2009 WL 3462055, at *1 n.1 (N.D. Tex. Oct. 26, 2009); <u>Edmonson v. Lee</u>, No. 3:08CV149, 2008 WL 2080912, at *2 n.4 (S.D. Miss. May 9, 2008), <u>appeal dismissed</u>, 312 Fed. App'x 663 (2009); <u>McSmith v. Engelhardt</u>, Civ. Action No. 06-5363, 2006 WL 3478162, at *2 (E.D. La. Nov. 28, 2006).

[2] On the initial page of the complaint, plaintiff listed eight defendants: Kelly Lasher, Major Nowak, Diane Rushing, Magistrate Judge Louis Moore, Jr., Judge Sarah S. Vance, Judge Emile St. Pierre, "John Doe," and "Jane Doe." However, plaintiff placed an asterisk by only the name of Judge Vance; further, on the fourth page of the complaint, plaintiff clarified that Judge Vance was the only defendant intended in *this* lawsuit, and his statement of his claim concerns only her. It is apparent that the other seven individuals listed were in fact intended as defendants in the seven other lawsuits contemporaneously filed by plaintiff: Civil Actions Nos. 09-7508 "R"(2) (against Kelly Lasher for denial of medical care); 09-7639 "I"(3) (against Major Nowak regarding various conditions of confinement); 09-7641 "I"(2) (against Diane Rushing regarding various conditions of confinement); 09-7642 "J"(2) (against Magistrate Judge Moore concerning the denial of bail); 09-7645 "C"(5) (against Judge St. Pierre concerning an excessive bond); 09-7646 "I"(2) (against "John Doe" for not escorting plaintiff to a funeral); and 09-7647 "I"(5) (against "Jane Doe" concerning charges for medical services). Accordingly, it is clear that Judge Vance was the only intended defendant in this lawsuit, and this Report and Recommendation addresses only the claim against her.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the Court nevertheless finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Facts

On March 5, 2009, a federal grand jury returned an indictment charging plaintiff with various narcotics and firearms violations. United States v. Louis Boyd, Jr., Crim. Action No. 09-063 (E.D. La.). The case was allotted to United States District Judge Sarah S. Vance. Plaintiff is represented in that ongoing proceeding by private counsel.

A trial was originally scheduled in that case for May 26, 2009. Pursuant to unopposed motions filed by the United States Attorney and upon the agreement of the parties, the trial was continued to August 3, 2009, and then again to November 16, 2009, to allow the parties sufficient time to complete discovery and negotiations. On October 28, 2009, defense counsel filed an unopposed motion asking that the matter be continued yet again based on the receipt of newly discovered evidence, the need for additional time to review discovery, and ongoing settlement discussions. Defense counsel stated: "The defendant would assert that, pursuant to 18 U.S.C. Section 3161 (h)(7)(A), the ends of justice served by continuing the Pre-Trial and Trial outweigh the interest of the public and the defendant to a speedy Trial." That motion was granted, and the trial is currently set for March 1, 2010.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### III. Plaintiff's Claims

In this lawsuit, plaintiff states his claim as follows:

Judge Sarah S. Vance abuse her discretion by allowing the U.S. Attorney to Continue Trials without notifying Petitioner in advance. Petitioner Right to Speedy Trial are also violated because the ninety-day period for Trial has more than twice passed and on it's way to Three times allowed by statutes. Petitioner should have been released without monetary pending trial. Also 6th Amendment violation "Due Process" violations. Allow unconstitutional "crack" charge.

It is therefore evident that plaintiff filed this lawsuit in an attempt to challenge Judge Vance's judicial actions in his criminal case. However, regardless of the nature of the relief sought, Judge Vance is protected by absolute judicial immunity for her judicial actions. See, e.g., Wightman v. Jones, 809 F. Supp. 474 (N.D. Tex. 1992); see also Wetzel-Sanders v. McBryde, Civ. Action No. 4:09-CV-431, 2009 WL 3462055 (N.D. Tex. Oct. 26, 2009); Edmonson v. Lee, No. 3:08CV149, 2008 WL 2080912 (S.D. Miss. May 9, 2008), appeal dismissed, 312 Fed. App'x 663 (2009); McSmith v. Engelhardt, Civ. Action No. 06-5363, 2006 WL 3478162 (E.D. La. Nov. 28, 2006). Plaintiff's recourse against Judge Vance is to appeal her rulings, not to sue her in a civil rights action.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

5

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-third day of December, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.